**Cecilia GUILLEN, Plaintiff–Appellant,**

v.

**ELI LILLY & COMPANY,**
**Defendant–Appellee.**

No. 10–233–cv.

United States Court of Appeals,
Second Circuit.

Oct. 4, 2010.

---

Lowell W. Finson, Phillips & Associates, Phoenix, AZ, for Plaintiff–Appellant.

Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, on the brief), Pepper Hamilton LLP, Philadelphia, PA, for Defendant–Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Cecilia Guillen appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Guillen, who has a history of coronary artery disease, obesity, hypertension, hyperlipidemia, hypothyroidism, depression, and schizoaffective disorder, was prescribed Zyprexa regularly between December 1999 and July 2000 and again in June 2003. Prior to being treated with Zyprexa, Guillen was diagnosed with diabetes. Guillen asserts that Zyprexa caused her diabetes, in addition to triggering a stroke and a heart condition, and that she would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo,* and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Redd v. Wright,* 597 F.3d 532, 535–36 (2d Cir.2010).

In order to establish a claim based on a manufacturer's failure to warn under California law,[1] Guillen must demonstrate that, among other things, the "inadequacy of [Eli Lilly's] warnings was the proximate cause of [her] injury." *Plummer v. Lederle Labs., Div. of Am. Cyanamid Co.,* 819 F.2d 349, 358 (2d Cir.1987) (applying California state law); *see also Carlin v. Superior Court of Sutter Cty.,* 13 Cal.4th 1104, 56 Cal.Rptr.2d 162, 920 P.2d 1347, 1353–54 (1996). Moreover, California law recognizes the "learned intermediary" exception in failure-to-warn cases: "if adequate warning of potential dangers of a drug has been given to doctors, there is no duty by the drug manufacturer to insure that the warning reaches the doctor's patient for whom the drug is prescribed." *Carlin,* 56 Cal.Rptr.2d 162, 920 P.2d at 1354. As a result, summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate that the prescribing physician "would have acted differently had . . . an adequate warning" been provided. *Motus v. Pfizer, Inc.,* 196 F.Supp.2d 984, 999 (C.D.Cal.2001).

■ After *de novo* review, we hold, substantially for the reasons stated in the well-reasoned opinion of the District Court, *In re: Zyprexa Prods. Liab. Litig.,* Nos. 04–MD–1596, 06–CV–2782, 2009 WL 5062114, at *14 (E.D.N.Y. December 10, 2009), that Guillen has failed to demonstrate that her treating physicians would have altered their decision to prescribe Zyprexa had a different warning been provided by Eli Lilly. The testimony of Dr. Kucher, Guillen's prescribing physician, clearly establishes that she was aware of both the relationship between Zyprexa and weight gain and the relationship between weight gain and diabetes when she prescribed Zyprexa to Guillen in July 2003. Brodock Decl., Ex. F. at 31–32.

■ More importantly, as the District Court noted, while Guillen alleges that Zyprexa caused her to develop diabetes, a stroke and a heart condition, the record belies these claims. First, Guillen was being treated for diabetes *before* her first Zyprexa treatment in December 1999. Brodock Decl., Ex. D at GUIL-LENC_HMC_0020. Second, Guillen's "stroke" appears to have been an anoxic brain injury caused by a drug overdose in 2001. *Id.* at GUILLENC_HMC_1895. Finally, Guillen's heart conditions plainly predate her treatment with Zyprexa. *Id.* at GUILLENC_HMC_0812. As a result, Guillen has failed to establish that Eli Lilly's allegedly inadequate warnings related to the risks associated with Zyprexa were

---

1. It is undisputed that California's substantive law and statute of limitations rules governs this action, which was filed in and which arises from events occurring in California and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown,* 991 F.2d 36, 40 (2d Cir.1993) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). While the District Court concluded that Guillen's claim was time-barred pursuant to California's two-

year statute of limitations for personal injury actions, *In re: Zyprexa Prods. Liab. Litig.,* Nos. 04–MD–1596, 09–CV–2782, 2009 WL 5062114, at *14 (E.D.N.Y. December 10, 2009), because we agree with the District Court that Guillen fails to establish that Eli Lilly's failure to warn was the proximate cause of her injuries, we need not decide whether the District Court erred with respect to the application of California's statute of limitations. *Id.*

connected to—much less the proximate cause of—her injuries.

## CONCLUSION

We have considered each of Guillen's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.